THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN RAY DELACRUZ, § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:08-CV-263-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Steven Ray DeLaCruz, TDCJ #1482732, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Henderson Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

DeLaCruz is currently serving an eighteen-year sentence for a 2007 conviction for bail jumping in cause number CR04-0080-415 in the 415th Judicial District Court of Parker County, Texas. *Ex parte*

*DeLaCruz*, Application No. WR-69,420-01, at 39. DeLaCruz did not directly appeal his conviction or sentence. (Petition at 3) On January 25, 2008, DeLaCruz filed a state habeas application challenging his conviction, which was dismissed on February 27, 2008, for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 73.1(d). On April 15, 2008, DeLaCruz filed this federal petition for writ of habeas corpus challenging his conviction on substantive grounds.

## D. RULE 5 STATEMENT

Quarterman maintains that DeLaCruz's claims have not been properly exhausted in the state courts as required by 28 U.S.C. § 2254(b)(1)(A) and (c), and he moves for dismissal of the petition on exhaustion grounds. (Resp't Answer at 3-5)

## E. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition

---

[1] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts. *See Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

The record reflects that DeLaCruz has not exhausted his state court remedies in a procedurally correct manner with respect to the claims presented in this petition. DeLaCruz did not directly appeal his conviction, thus it was necessary that he properly raise the claims in his state habeas corpus application. Because his state habeas application was dismissed for failure to comply with state appellate rules, his claims were not properly raised therein. The state court has not been afforded a fair opportunity to consider the merits of DeLaCruz's claims, thus the claims are unexhausted for purposes of federal habeas review. DeLaCruz must first pursue his state habeas corpus remedies before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by DeLaCruz, he cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of this petition for lack of exhaustion is warranted so that DeLaCruz can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[2]

## II. RECOMMENDATION

It is therefore recommended that DeLaCruz's petition be DISMISSED without prejudice, except

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

as to any application of the federal statute of limitations or other federal procedural bar that may apply.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 19, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 19, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 29, 2008.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE